**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7724 |
| Plaintiff - Appellee, | D.C. No. 1:18-cr-00160-BLW-1 |
| v. | |
| EFREN AVILES-PACHECO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted January 22, 2026[**]

Before: WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Efren Aviles-Pacheco appeals from the district court's judgment revoking supervised release and challenges the 24-month sentence, which was ordered to run consecutively to his 156-month sentence for a new offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Aviles-Pacheco first contends that the district court procedurally erred by failing to explain adequately why it varied above the Guidelines range. He further argues that the court placed too much weight on the seriousness of his original offense and his new offense. Reviewing for plain error, *see United States v. Taylor*, 153 F.4th 934, 939-40 (9th Cir. 2025), we conclude there is none. At the combined sentencing hearing, the court acknowledged Aviles-Pacheco's mitigating arguments and sufficiently explained its reasons for both the sentence on the new offense and the revocation sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). To the extent the court considered the seriousness of the offenses in determining the revocation sentence, it did so as part of its permissible consideration of Aviles-Pacheco's criminal history and personal characteristics, and the need for deterrence and public protection. *See* 18 U.S.C. § 3583(e); *Taylor*, 153 F.4th at 943.

Aviles-Pacheco also contends the 24-month consecutive sentence is substantively unreasonable because a concurrent sentence would have been sufficient to meet the goals of sentencing. The district court did not abuse its discretion in imposing a consecutive sentence, which is substantively reasonable in light of the § 3583(e) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also* U.S.S.G. § 7C1.4(b).

**AFFIRMED.**